IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KATIE KONONEN;
JEFF L. COOPER,

        Plaintiffs,

  vs.

TEXAS DEPT OF STATE HEALTH
SERVICES, VITAL STATISTICS
SECTION; LAREDO CITY VITAL
STATISTICS,

        Defendants.

Case No. 6:20-cv-00064-AA
**OPINION AND ORDER**

AIKEN, District Judge:

      Plaintiffs Katie Kononen ("Kononen") and Jeff L. Cooper ("Cooper") filed a pro se civil rights complaint against defendants the Texas Department of State Health Services Vital Statistics Section and the City of Laredo Vital Statistics Office, alleging violations of the Civil Rights Act, the Thirteenth, Fourteenth, and Fifteenth Amendments to the United States Constitution, the Indian Citizenship Act of 1924,

and the Voting Rights Act, along with applications to proceed *in forma pauperis*. Docs. 10–12. Plaintiffs present no facts from which the Court could infer that the District of Oregon is the appropriate venue for their claims. *See* 28 U.S.C. § 1391(b). Plaintiffs have also filed letters to the Court that, liberally construed, seek restraining orders or injunctions against individuals and entities that are not parties to this action.

## MOTIONS FOR ORDERS

Plaintiffs have filed two letters with the Court that have been docketed as motions. The first, doc. 4, seeks "Federal Protection" from Primitivo Flores Ruiz. The second, doc. 5, asks the Court to "order the Oregon State Legislature, the Oregon Governor Kate Brown, and the Oregon Health Authority to remove or rewrite the law that requires physicians to stop prescribing opiate prescription pain killers after 90 days." Although, as explained below, this action is being transferred to another district court, the Court will address these motions here because they concern individuals and entities that are not parties to this action.

These motions appear to seek temporary restraining orders or preliminary injunctions, which are governed by the same general legal standards. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff may demonstrate eligibility for preliminary injunctive relief by showing (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat'l Resources*

*Def. Council*, 555 U.S. 7, 21 (2008). Alternatively, under the Ninth Circuit's "sliding scale" approach to preliminary injunctions, a plaintiff may obtain preliminary injunctive relief by showing "serious questions going to the merits," that "the balance of hardships tips sharply in the plaintiff's favor," a likelihood of irreparable harm, and that the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Whichever formulation of the test applies, "[a] preliminary injunction is an extraordinary remedy never awarded as of right, and the grant of a preliminary injunction is a matter committed to the discretion of the trial judge[.]" *Epona v. Cty. of Ventura*, 876 F.3d 1214, 1227 (9th Cir. 2017) (internal quotation marks and citations omitted) (alterations normalized).

Under Federal Rule of Civil Procedure 65, court orders granting injunctive relief bind only:

> (A) the parties;
>
> (B) the parties' officers, agents, servants, employees, and attorneys; and
>
> (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

Fed. R. Civ. P. 65(d)(2). Ruiz, the Oregon Legislature, Governor Brown, and the Oregon Health Authority are not parties in this action, and the record before the Court does not suggest that they are officers, agents, servants, employees, or attorneys for a party or actively participating with anyone who falls within those categories. Thus, the Court does not have authority to order injunctive relief against Ruiz, the Oregon Legislature, Governor Brown, or the Oregon Health Authority and plaintiffs' motions are DENIED.

Page 3 – OPINION AND ORDER

If plaintiffs want to seek this relief in this Court, they must initiate other actions and name these people and entities as defendants in their complaints.

## VENUE

Plaintiffs assert that Kononen is attempting to obtain "a valid birth certificate" for her father, Primitivo Flores Ruiz, from the Vital Statistics Section, a Texas state agency, and the Vital Statistics Office, a component of the city government of Laredo, Texas, but that they have "refuse[d] to provide" one. Doc. 10 at 4. They also assert that Kononen sent "Texas the sole copy of said certificate she had" and has not been able to get that copy back. *Id.* Plaintiffs state that they need complete copies of the valid birth certificate to apply for enrollment in the Mescalero Apache Tribe. Doc. 13.[1]

The documents attached as exhibits to the original Complaint and documents filed as stand-alone exhibits in this action indicate that Ruiz was born in Texas and came to Oregon in 1950. Kononen was born and resides in Oregon. She and Cooper

---

[1]  Plaintiffs recently filed exhibits which included a letter from Nelva L. Cervantes, General Counsel for the Mescalero Apache Tribe, dated April 7, 2020. Doc. 17 at 19–20. The letter informs Kononen that, even if she sent the Tribe her and Ruiz's original birth certificates, neither she nor Ruiz would be eligible for enrollment. The letter provides the text of Article IV, Section 1 of the Revised Constitution of the Mescalero Apache Tribe, which lays out the requirements for tribal membership, and explains why Kononen and Ruiz do not satisfy those requirements.

As explained below, the District of Oregon is not the proper venue for this action and the Court is transferring the case to the Southern District of Texas. This Opinion is, therefore, not a ruling on the merits of plaintiffs' claims. The Court recognizes that plaintiffs may still want to apply for tribal enrollment despite General Counsel's letter or may want or need Ruiz's birth certificate or proof of its destruction for other reasons. If plaintiffs do want to continue to seek the documents and to pursue this action in the Southern District of Texas, plaintiffs are encouraged to also seek assistance from the constituent services offices of Oregon's federal congressional delegation, as the exhibits in this case suggest plaintiffs had previously done. *See* Doc. 1 Ex. 1 at 11; Doc. 13 at 5; Doc. 15 at 6; Doc. 18 at 6. Not all problems can be solved in the courtroom, and these offices may be best equipped to help plaintiffs navigate the state and local systems in Texas and get the documents they seek.

have been trying to obtain Ruiz's birth certificate from courts and agencies in Texas for several years and were, at some point, told that the original may have been destroyed.  They seek an order from the Court directing the "production of the sought accurate birth certificate" and an "official letter" from the appropriate agency, "if the original was destroyed."  Doc. 10 at 4.

Venue may be raised by the Court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run.  *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  When jurisdiction is not founded solely on diversity, venue is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated;" or (3) "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action[,]" "if there is no district in which an action may otherwise be brought" as provided in 28 U.S.C. § 1391(b).  28 U.S.C. § 1391(b)(1)–(3).  When venue is improper, the district court has discretion to either dismiss the case or transfer it "to any district or division in which it could have been brought" if transfer is "in the interest of justice."  28 U.S.C. § 1406(a).

As mentioned, defendants in this case are a Texas state agency and an office within the government of the City of Laredo, Texas.  The factual allegations in the Amended Complaint and exhibits filed in this action demonstrate that nearly all of the alleged events giving rise to plaintiffs' claims took place in Texas.  Specifically,

Page 5 – OPINION AND ORDER

most of the conduct that appears to give rise to plaintiff's claims – the failure to produce a "valid" birth certificate and possible destruction of that document – took place in Laredo, Texas, which is located in the Southern District of Texas.  Further, the factual allegations do not suggest that this action may not "otherwise be brought" in a judicial district in Texas.  Indeed, in 2018 Kononen filed a similar action against the Texas Department of State Health Services in the United States District Court for the Western District of Texas.  *See Kononen v. Texas Dept. of State Health Servs.*, No. A-18-CV-595-LY, 2018 WL 6790647 (W.D. Tex. Oct. 15, 2018), *report and recommendation adopted*, No. A-18-CV-595-LY, 2018 WL 6795967 (W.D. Tex. Nov. 16, 2018).

Therefore, the Court finds that venue is proper in the United States District Court for the Southern District of Texas, not in this Court.[2]  Although Kononen's prior action was dismissed with prejudice for failure to state a claim, neither Cooper nor the Laredo City Vital Statistics Office were parties to that action and the Court concludes that it is in the interest of justice to transfer this action so that the Southern District of Texas can screen the case under its own requirements and 28 U.S.C. § 1915.

---

[2]  Venue would also be proper in the United States District Court for the Western District of Texas, because the Texas Department of State Health Services Headquarters is in that district. Although Kononen filed her earlier suit against the agency in that district, the agency is not the only defendant in this action.  As noted above, the other defendant, an office of the City of Laredo, appears to be directly responsible for the alleged failures here, and that defendant is in the Southern District of Texas.

## CONCLUSION

For the reasons stated above, plaintiffs' motions for protection and court orders (docs. 4, 5) are DENIED.  This case is hereby TRANSFERRED to the United States District Court for the Southern District of Texas.  The Clerk is DIRECTED to take the steps necessary to transfer this case.

IT IS SO ORDERED.

Dated this 3rd day of August 2020.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge